CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 2 2006

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **JOHN JUNIOR BLOUNT,** ) | |
| Plaintiff, ) | Civil Action No. 7:05CV00643 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **C/O BOYD, et al.,** ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, John Junior Blount, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants brutally assaulted him on April 4, 2004. The case is presently before the court on the plaintiff's motion for a preliminary injunction (docket #9). For the following reasons, the plaintiff's motion will be denied.

## Background

In his motion for a preliminary injunction, the plaintiff alleges that his life and health are "intentionally endangered by Red Onion State Prison." The plaintiff alleges that he was brutally beaten by staff members on several occasions, and that he was refused food on several occasions. The plaintiff further alleges that the "racist brotherhood" at the prison is deep, and that staff members will falsify documents to protect each other.

## Discussion

In deciding whether to grant a preliminary injunction, the court must normally consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted; (2) the likelihood of harm to the defendants if the preliminary injunction is granted; (3) the plaintiff's likelihood of succeeding on the merits of the action; and (4) the public interest. Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693 (4th Cir. 1994); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). The

plaintiff bears the burden of establishing that these factors support granting a preliminary injunction. Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991). The likelihood of irreparable harm to the plaintiff is one of the two most important factors. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Id. at 360.

Having reviewed the plaintiff's allegations, the court concludes that the plaintiff's motion for a preliminary injunction must be denied. While the plaintiff indicates that prison employees have assaulted and refused to feed him in the past, the plaintiff's allegations do not establish that he is at risk of any imminent, irreparable harm.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the plaintiff and counsel for the defendants, if known.

ENTER: This 12th day of January, 2006.

_____
United States District Judge