CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 0 7 2006
JOHN F. CORCORAN, CLERK
BY: J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN JUNIOR BLOUNT,<br>    Plaintiff, | )<br>)   Civil Action No. 7:05CV00643<br>) |
| v. | )   **MEMORANDUM OPINION**<br>) |
| C/O BOYD, et al.,<br>    Defendants. | )   By: Hon. Glen E. Conrad<br>)   United States District Judge |

John Junior Blount, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983. The defendants subsequently moved to dismiss the complaint on the basis that the plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). By order entered April 21, 2006, the case was referred to United States Magistrate Judge Michael F. Urbanski for appropriate proceedings, pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge held an evidentiary hearing on June 26, 2006. The case is presently before the court for review of the Magistrate Judge's Report and Recommendation, in which he recommended granting the defendants' motion. For the reasons set forth below, the court will adopt the Report and Recommendation as modified by this opinion.

## BACKGROUND

Blount is incarcerated at Red Onion State Prison in Pound, Virginia. He alleges that he was severely assaulted by the defendants on April 24, 2004, and that the assault was racially motivated.

On March 26, 2006, the defendants moved to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants argue that Blount failed to exhaust his administrative remedies. To support their motion, the defendants submitted a copy of

the relevant grievance procedure, as well as an affidavit from Fonnie Taylor, the grievance coordinator at Red Onion. Taylor's affidavit indicates that Blount did not file any formal grievances regarding the alleged assault.

During the evidentiary hearing held on June 26, 2006, Blount, Fonnie Taylor, and Yvonne Taylor, a supervisor at Red Onion, testified regarding Blount's compliance with the grievance procedure.[1] Fonnie Taylor relayed that Blount was familiar with the grievance procedure, and that he did not file any formal grievances regarding the alleged assault. Blount testified that he filed three or four informal complaints regarding the assault, and that he did not receive a response to any of the complaints. Blount also testified that he sent a "request" to Yvonne Taylor, which went unanswered, and that he sent a "request" to the Warden. When asked to name other documents that he filed, Blount testified that he "was never able to file [a grievance], because they never returned the complaint form." Blount also testified that although he sent the Regional Director a "letter," he was unable to "go" to the Regional Director without having filed a grievance.

At the close of the hearing, the magistrate judge permitted the parties to submit additional evidence regarding Blount's attempts to exhaust his administrative remedies. The additional evidence reveals that on April 24, 2004, Blount filed an emergency grievance requesting the Institutional Investigator to take pictures of the injuries that allegedly resulted from the assault. That same day, Blount filed an emergency grievance stating that he had been physically attacked, that he was in "serious pain," and that he needed medical treatment. The following day, Blount filed another emergency grievance requesting medical assistance. On April 28, 2004, Blount

---

[1] The court has listened to a recording of the entire hearing.

2

forwarded a request for services form to Y. Taylor. He reported that he had been assaulted by prison staff members, and that the medical department was ignoring his requests. Blount asked Taylor to forward a copy of the form to the Warden and the Institutional Investigator. Two days later, Blount filed an emergency grievance addressed to the Warden. Blount listed the names of the officers who assaulted him and indicated that he had not received proper medical treatment for his injuries. On May 3, 2004, Blount filed another emergency grievance complaining about the lack of medical treatment. Eight days later, Blount filed an emergency grievance requesting assistance from the Institutional Investigator. Blount filed a final emergency grievance on May 19, 2004, restating some of the same complaints that were voiced in previous emergency grievances.[2]

On August 17, 2006, the magistrate judge issued his Report and Recommendation, in which he recommended granting the defendants' motion to dismiss.[3] The magistrate judge concluded that the defendants met their burden of proving that Blount failed to satisfy the exhaustion requirement. The magistrate judge noted that although Blount filed an impressive number of emergency grievances related to the alleged assault, he did not utilize proper grievance procedures. The magistrate judge emphasized that even if prison officials failed to return or

---

[2] As the magistrate judge noted in his report, other documents submitted by the parties were either unrelated to the April 2004 assault, or filed by the plaintiff long after the relevant grievance period expired.

[3] Because matters outside the complaint were "presented to and not excluded" by the magistrate judge, the defendants' motion to dismiss should have been "treated as one for summary judgment...." See Fed. R. Civ. P. 12(b). The court will so construe the defendants' motion.
    The court notes that the Roseboro notice filed on March 20, 2006 advised the parties that if "documents or affidavits filed outside the pleadings are submitted by either party, any remaining motion(s) to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be considered as motion(s) for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." Thus, the parties had ample notice of a possible conversion.

3

respond to Blount's informal complaints, he was not prevented from grieving the incident altogether: "Blount could have continued to pursue the grievance process by filing a regular grievance form. This he did not do." (Report at 8). As a result, the magistrate judge concluded that Blount failed to properly exhaust his administrative remedies.

Blount filed an objection to the Report and Recommendation on September 5, 2006. In his objection, Blount contends that, contrary to his testimony before the magistrate judge, he did file a timely regular grievance regarding the assault, and that the "grievance staff" did not respond to the grievance. Blount also indicates that he can send copies of the informal complaints that he submitted before he filed the regular grievance.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The magistrate judge's report has no presumptive weight, and this court retains the responsibility to make a final determination. Id. at 270-271. The court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Consequently, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

With regard to the defendants' pending motion, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

4

## DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. <u>Woodford v. Ngo</u>, 548 U.S. __, 126 S. Ct. 2378, 2386, 165 L. Ed. 2d 368 (2006).

As a Virginia inmate, Blount is required to exhaust his claim in accordance with the grievance process established by the Virginia Department of Corrections (VDOC). In particular, he must comply with VDOC Division Operating Procedure (DOP) 866, which requires completion of the following "regular grievance procedure."[4] DOP 866-4.0.

Pursuant to DOP 866-7.14, an inmate must file a regular grievance form within thirty days of the alleged incident. Prior to submitting the grievance, the inmate must demonstrate that he made a "good faith" attempt to resolve the issue informally. DOP 866-7.13. Prison officials are required to respond to an informal complaint within fifteen days to ensure that a response is provided prior to the expiration of the thirty-day period in which an inmate must file a regular

---

[4]The court notes that "[t]he filing of an emergency grievance does not satisfy the exhaustion requirement." DOP 866-4.0.

5

grievance. DOP 866-7.13. Nonetheless, failure to respond within the fifteen-day period does not prevent an inmate from proceeding with the regular grievance process.[5]

Regular grievances must contain only one issue per form. DOP 866-7.14. If the grievance does not meet the criteria for acceptance, the intake section of the grievance is completed, and the grievance is returned to the inmate within two working days. DOP 866-7.14. Inmates may seek review of an intake decision by sending the grievance form to the Regional Ombudsman within five days of its return. DOP 866-7.14. For those grievances that are accepted, there are up to three possible levels of review. DOP 866-7.15. Level I review is conducted by the Warden or Superintendent of the facility at which the inmate is located. If the inmate is dissatisfied with the Level I determination, he may appeal the determination to Level II. Level II review is conducted by the Regional Director, the Health Services Director, or the Chief of Operations for Offender Management Services. For most issues, Level II is the final level of review. For those issues appealable to Level III, the Deputy Director or the Director of the Virginia Department of Corrections reviews the grievance. DOP 866-7.15. The time limit for issuing the Level I response is thirty days, and the time limit for the Level II and Level III responses is twenty days. DOP 866-7.16. The expiration of a time limit at any stage of the process automatically qualifies the grievance for appeal to the next level of review. DOP 866-7.16.

---

[5]As previously stated, an inmate must only demonstrate that he made a "good faith" attempt to resolve the issue informally before initiating the regular grievance process. DOP 866-7.13. Consistent with this provision, Fonnie Taylor testified at the evidentiary hearing that an inmate who does not receive a response to an informal complaint may proceed with the grievance process by indicating the lack of response on the regular grievance form. See also DOP 866-7.16 ("Expiration of a time limit ... at any stage of the process shall qualify the grievance for appeal to the next level of review.").

Having reviewed the record in this case, the court agrees with the magistrate judge that the defendants met their burden of proving that Blount failed to properly exhaust his administrative remedies. Although Blount objects to the Magistrate Judge's Report and Recommendation on the basis that he did file a timely regular grievance regarding the alleged assault, Blount's objection directly contradicts his testimony at the evidentiary hearing and is unsupported by the record. As previously stated, Blount testified under oath that he was "never able to file" a regular grievance regarding the alleged assault, because prison officials failed to return or respond to his informal complaints.[6] Blount further testified that without having filed a regular grievance, he was unable to "go" to the Regional Director. In the absence of any evidence to support his present assertion or any explanation for his testimony to the contrary, the court concludes that Blount's objection is without merit.

Nonetheless, even assuming that Blount did file a timely regular grievance, as he now suggests, it is undisputed that he did not seek further review, as required by DOP 866. The court notes that this requirement is not excused by Blount's present assertion that he failed to receive a response to his regular grievance. DOP 866-7.16 clearly states that the Warden or Superintendent has thirty days to respond to a regular grievance, and that the "[e]xpiration of a time limit ... at any stage of the process shall qualify the grievance for appeal to the next level of review." Thus, even if Blount did file a timely regular grievance, his failure to seek further review from the Regional Director or the Regional Ombudsman compels a finding that he did not properly exhaust his administrative remedies. See Woodford, 126 S. Ct. at 2386 (emphasizing

---

[6] Thus, it is also inconsistent for Blount to now assert that he can send copies of the informal complaints that he filed prior to submitting the regular grievance. Moreover, Blount received the opportunity to submit additional evidence after the evidentiary hearing, and he did not submit any informal complaints that were filed within the relevant grievance period.

7

that "proper exhaustion ... demands compliance with an agency's deadlines and other critical procedural rules.").

## CONCLUSION

For the reasons stated, the court concludes that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. Thus, the court will adopt the Magistrate Judge's Report and Recommendation as modified by this opinion and grant the defendants' motion for summary judgment. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 7th day of November, 2006.

/s/ Glen E. Conrad
United States District Judge

8